(68 App. Div. 324.)

WINTERROTH et al. v. UMSCHLAG.

(Supreme Court, Appellate Division, Second Department. January 17, 1902.)

1. COURTS—JURISDICTION—PROCESS—SERVICE—DEPUTIZED PERSON.

   Under Laws 1882, c. 410, authorizing the justices of the district court in the district of the city of New York in which a summons was issued to deputize a person to serve the process, and Laws 1897, c. 378, § 1369, providing that, so far as consistent with the charter, the then existing provisions of law relating to the summons and its service should apply to the new municipal court, a justice of one borough cannot deputize a person not a marshal to serve a summons issued and returnable in another borough, and the court acquires no jurisdiction over a defendant by the service on him of a summons by one so deputized.

2. SAME—ORDER DISMISSING—SECOND MOTION.

   Where, by reason of the summons being served by one not having authority to make service, the court has acquired no jurisdiction over defendant, and the objection has not been waived, an order dismissing the summons should be affirmed, though granted on a second motion.

Appeal from municipal court of New York.

Action by Emil J. Winterroth and another against Anna Umschlag. From a judgment dismissing the summons, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and SEWELL, JJ.

Gantz, Neier & McKennell, for appellants.
Charles A. Tipling, for respondent.

HIRSCHBERG, J.   The summons was issued and was returnable in the First district of the borough of Queens.   It was not served by a marshal, but by some other person, who was deputed for that purpose, as both briefs concede, by a justice of the court in the First district of the borough of the Bronx.   The only material question presented on the appeal is whether a justice of the municipal court can lawfully deputize persons to serve process in actions pending in another borough than the borough of his own election and service.   The argument of the appellants in support of such power proceeds upon the theory that the old district courts were separate and distinct tribunals, while the present municipal court is single and entire, and that accordingly the limitation formerly prescribed upon the action of the justices of the several district courts in the premises is inconsistent with the general scope and jurisdiction of the magistrates in the consolidated court as now constituted.   It is true that by section 1351 of the Greater New York charter (chapter 378, Laws 1897) the district courts of the former city of New York and certain justices' courts were consolidated into a single local civil court within the territory of the greater city, under the name of the "Municipal Court of the City of New York," but the district system then prevailing was scrupulously preserved.   The justices of the new court were to be elected by the electors of the various districts in the respective boroughs as constituted by the act; each justice was required to be a resident and elector of his district (section 1353); in each of the districts, "sessions" of the court were to be held (section 1358); the court was referred to as the "municipal court and the branches thereof in each district" (section 1369); and among other provisions it was required that an action must be brought in that district, if any, in which a plaintiff or defendant resided (section 1370).   These and other provisions clearly indicate an intention to preserve the previously existing distinctive features of local courts, notwithstanding the general designation of the court under a homogeneous title.   By section 1369, supra, it is provided that, so far as the same are consistent with the charter, all the then existing provisions of law relating to the summons and its service should apply to and govern and control the new court.   It is conceded that, by virtue of sections 1301 and 1709 of the New York City consolidation act of 1882 (chapter 410, Laws 1882), only the justice of the district or district court in which the action was commenced could deputize a person to serve the process.   I can see no inconsistency in the preservation of this provision, and in its application to the existing court, with any provision or requirement of the Greater New York charter.   Section 1368 is not inconsistent.   It provides that the municipal court in any district shall have power to send its process and other mandates into any other district for service or execution, and to enforce obedience thereto.   This is not only not inconsistent with the rule now under consideration, but is in harmony with it.   No

matter where the summons is to be served within the city limits, the court in the district where it is issued may direct and control its service without the aid of the magistrate in the district of service. This provision serves to retain control of the process in the district where it emanated, rather than to share such control with the justices in other districts. And that the magistrates of the district where the action was commenced should retain exclusive control of the process of the court therein was certainly regarded as a statutory requirement under the old law, and, being consistent with the general features of the new law, must be regarded as expressly re-enacted in section 1369, supra, to the extent of vesting such control in the magistrate of the district where the action is commenced, or at least in some other magistrate of the borough sitting in that district at the time. Certainly there is no ground for the contention that a justice of the municipal court in the borough of Richmond could, in the absence of express authority, empower persons other than marshals to execute process in actions instituted in the borough of Queens, and it is quite necessary to hold to that extent in order to accord with the appellants' contention.

The objection being jurisdictional, and not having been waived, I am of opinion that nothing which occurred upon the trial operated to deprive the defendant of the right to a favorable ruling, notwithstanding it was granted upon a second motion. The judgment should be affirmed.

Judgment of the municipal court affirmed, with costs. All concur.